Alf D. MILLIGAN et al., Appellants,

v.

CORSICANA INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 4248.

Court of Civil Appeals of Texas.

Waco.

July 9, 1964.

Rehearing Denied July 23, 1964.

A. P. Mays, Corsicana, for appellants.

Don D. Pevehouse, Corsicana, for appellee.

McDONALD, Chief Justice.

This suit, filed October 10, 1961, by individual taxpayers, against Richland School District (now Corsicana Independent School District by virtue of annexation), is a direct attack on the action of the Board of Equalization in fixing and raising plaintiffs' valuations for 1961. Plaintiffs alleged, among other things, that defendant district's tax plan was fundamentally and constitutionally erroneous, in not taxing or taking into account bank deposits in arriving at the valuations in the district. Plaintiffs contend that they have been substantially injured by the defendant's tax method in arriving at valuations, and sought injunction against collection of taxes upon "the illegal valuation," and prayed "that a revision of the assessed values of the property be required so that they will be required to pay only the amount of taxes that are justly due and owing." Plaintiffs tendered such taxes as they alleged were legally just and due.

Trial was to a jury. Both plaintiffs and defendant moved for an instructed verdict at the close of the evidence. The Trial Court thereafter (without acting on either motion), entered an order discharging the jury and rendering judgment that plaintiffs take nothing.

Plaintiffs appeal, contending the Trial Court erred: 1) In refusing to grant plaintiffs' motion for instructed verdict; 2) In rendering judgment for defendant.

The record reflects that the officials of the Richland School District, sometime in 1961, determined that it would require more money to operate the schools in 1961 than in 1960; and that the school tax assessor prepared his tentative tax roll raising valuations 85% over the 1960 valuation; that none of the plaintiffs rendered their property to the Richland Independent School District Tax Assessor; that several weeks prior to August 15, 1961 the School District Tax Assessor turned his roll over to the School District Board of Equalization. The Board of Equalization notified all property owners on the tax roll to appear on August 15, 1961 and show cause why their taxes should not be raised. The Board of Equalization met on August 15, 1961 and a large number of taxpayers, including many of the plaintiffs, met with them; but none of the plaintiffs presented any evidence concerning the value of their property, or asked to do so; and no taxpayer was refused an opportunity to present evidence of the value of his property. The Board of Equalization recessed until August 21, 1961; and met on such date; and heard evidence of values of some properties in the district, but none of the plaintiffs appeared and presented evidence. Thereafter, the tax roll was turned over to the District Board of Trustees who approved the tax roll, levied the tax rate, and ordered tax statements mailed to the taxpayers. After the tax statements were mailed, and during the month of September, 1961, the roll and receipt books were turned over to the School Tax Collector. The Tax Collector began collection of taxes on October 1, 1961.

Every function of the tax program had been completed prior to *October 1, 1961*. This suit was filed on *October 10, 1961*.

The district's tax plan was to assess property at approximately one-third of its market value.

The deposits of the First National Bank of Richland, amounting to some $508,000. were not assessed or taken into account in the defendant's valuation or tax scheme; if such deposits had been added to the taxable values of the district, the tax rate or valuations, could have been reduced by one-fourth.

During the trial of this case, no evidence was tendered as to the market value of any of the property of plaintiffs.

The Trial Court filed Findings of Fact, substantially as above; and made Conclusions of Law as follows:

1) Plaintiffs are not entitled to injunctive relief because the 1961 tax plan of defendant district had been placed in effect prior to the filing of this case.

2) Plaintiffs are not entitled to the relief prayed for because there is no showing of substantial injury to plaintiffs.

■ There can be no question but that the defendant school district's plan or method of taxation was fundamentally erroneous. The deposits of the First National Bank of Richland, amounting to $508,-000. were not taxed, and were not taken into account in arriving at the valuation of the property in the district, for tax purposes. Article VIII, Section 1 of the Constitution, Vernon's Ann.St., declares that "Taxation shall be equal and uniform. *All* property * * * *shall be taxed* in proportion to its value." Article 7145, Vernon's Ann.Civ. St. further provides for the taxation of *all* property; and Article 7147 V.A.C.S. provides that *"all moneys"* are included in the term *"personal property"* for the purposes of taxation. The failure to include the deposits of the bank in the district's valuation rendered the tax plan fundamentally er-

roneous. Whelan v. State, 155 Tex. 14, 282 S.W.2d 378.

We think the defendant district's tax plan was completed, and in effect, prior to *October 1, 1961.* Everything necessary had been accomplished, and the Tax Collector commenced the collection of taxes under the plan on *October 1, 1961.* Plaintiffs filed this suit on *October 10, 1961,* and after the tax plan was in effect.

■ A taxpayer is entitled to relief from a fundamentally erroneous plan or scheme of taxation (where as here the bank deposits were not taxed or included in the district's valuation). However, if the taxpayer fails to avail himself of the remedies of mandamus and injunction to prevent a taxing authority from putting such a plan into effect, his right to relief is limited. Once such a plan of taxation is put into effect, (as here) the taxpayer must assume the onerous burden of proving substantial injury. Such burden, here involves a showing by the taxpayer, that his taxes (or valuation), is actually excessive, and excessive by virtue of the omission of the bank deposits from the tax plan. If the taxpayers' taxes (and valuation), are not excessive, even though the taxation plan be fundamentally erroneous, he is not entitled to relief. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414; State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Whelan v. State, 155 Tex. 14, 282 S.W.2d 378; State v. Fed. Land Bank, 160 Tex. 282, 329 S.W.2d 847; East & Mt. Houston Ind. Sch. Dist. v. South Texas Lbr. Co., 153 Tex. 535, 271 S.W.2d 795.

■ Defendant district's tax plan or scheme for 1961 was to assess property within the district at approximately one-third of its market value. The plaintiffs tendered no evidence of the market value of any plaintiff's property. Since there is no showing as to the market value of any plaintiff's property, it cannot be shown that any plaintiff's property was in fact assessed at more than one-third of its market value.

Evidence of the market value of plaintiffs' properties, which it was plaintiffs' burden to tender, is a prerequisite to a finding that plaintiffs' property was valued excessively, or that the plan worked to plaintiffs' substantial injury. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Montgomery County v. Humble, Tex. Civ.App., (n. w. h.), 245 S.W.2d 326; Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756.

Plaintiffs' contentions are overruled and the judgment of the Trial Court is affirmed.