M. S. JACKSON et al., Appellants,

v.

MAYPEARL INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 4372.

Court of Civil Appeals of Texas.

Waco.

July 22, 1965.

R. A. Kilpatrick, Cleburne, J. C. Hinsley, Austin, for appellants.

Warwick H. Jenkins, Waxahachie, for appellees.

McDONALD, Chief Justice.

This suit, filed September 30, 1964, by individual taxpayers against Maypearl Independent School District, is a direct attack on the District's tax plan for 1964. Plaintiffs alleged (among other things) that the plan for assessing 1964 taxes was illegal; that such 1964 tax was void because the Board of Trustees failed to make any tax levy; that the tax assessment and equalization are void because the Tax Assessor-Collector and a member of the Board of Equalization were related to a member of the School Board in a degree prohibited by Articles 432 and 433 of the Penal Code, Vernon's Ann.P.C. arts. 432, 433; and that appointment of a Tax Assessor-Collector for the Maypearl School District is violative of the State Constitution. Plaintiffs prayed that all actions of defendant District in assessing, equalizing and collecting or attempting to collect 1964 taxes be set aside and held for naught; and that defendants be permanently enjoined from carrying the 1964 tax plan into effect.

Trial was to the court without a jury which, after hearing, rendered judgment that plaintiffs take nothing.

The trial court made Findings and Conclusions as follows:

FINDINGS OF FACT

1) For many years prior to January 1, 1964, the defendant School District had its taxes collected by the Tax Assessor-Collector of Ellis County, the basis and assessed valuation for such taxes being the same as that of the State and County, which was 20% of the market value of property within the District.

2) Needing more money in order effectively to exist, the School Board of the District appointed its own Assessor-Collector of taxes on or about January 1, 1964, and agreed to pay her 3% of the net taxes collected. Her husband, who later sat on the Board of Equalization, without pay, was a first cousin to one of the seven Trustees of the School Board, all of whom also served without pay.

3) The School Board after calculating its need for money, instructed the Assessor-Collector to use the previous assessments of Ellis County of 20% market value and to increase these valuations to 34% of market value which in effect amounted to a raise on the assessed valuation in the District of 70%. The Board of Equalization, with few exceptions, followed and sustained this increased assessment from 20% to 34% of market valuation.

4) All officers or officials of the School District were valid de facto officers and were so recognized, whether or not they were valid de jure officers at all times.

5) In the assessment and collection of taxes a faithful effort was made by defendants and the officers of the School District to comply with the law in all respects as they understood it to be.

6) A valid tax levy was made by the School Board during 1964 of $1.58 upon the $100 valuation in their approval of the budget so fixing and stating, same being the same amount of the annual tax levy for many previous years.

7) The action taken by the defendants and the various officers was sufficient to make such tax levy a valid tax lien upon the property within said School District.

8) None of the plaintiffs have been able to show beyond the fact that their taxes have been increased from 20%

to 34% of the $100 valuation, that they or anyone else have been unfairly dealt with, injured or discriminated against.

## CONCLUSIONS OF LAW

The law is with the defendant as to a) the levy of a tax for the year 1964; as to b) alleged nepotism; and as to c) the method of assessment in view of the facts, and as to all other imperfections alleged or shown.

Plaintiffs appeal on 13 points, contending the trial court erred:

1) In finding and concluding that a valid tax levy was made by the School Board of $1.58 upon the $100 valuation for 1964.

2) In finding and concluding that the Assessor-Collector and Board of Equalization member Brigman were valid de facto officers.

3) In finding that the Assessor-Collector and the Board of Equalization, with few exceptions, increased all valuations by 70%.

4) In failing to hold the appointment by the District of a Tax Assessor-Collector and Board of Equalization to be unconstitutional.

■ Plaintiffs' 1st contention is that the School Board made no valid tax levy for 1964. The record reflects that the School Board adopted the 1964-65 Budget on August 17, 1964 and further that such budget expressly provides that the total tax rate is $1.58 of which the maintenance rate is $1.50 and the debt service rate is $.08. Further, a letter was sent to each taxpayer in the district advising, among other things, that the tax rate was $1.58. The Secretary of the Board testified that all Board members voted for the Budget which set the tax rate at $1.58 and that this was the Board's way of adopting the tax rate each year. We think the trial court properly found that a valid tax levy was made by the School Board.

Plaintiffs' 2nd contention is that because the Assessor-Collector of taxes, and Board of Equalization member Brigman, were related to School Board member Jackson within a degree prohibited by Articles 432 and 433 that such Tax Assessor-Collector and Board of Equalization member are neither de facto or de jure officers and that all acts performed by them are void. Board of Equalization member Brigman is a first cousin of School Board member Jackson. The Tax Assessor-Collector is Brigman's wife. Plaintiffs assert that the Tax Assessor-Collector was not a de facto or de jure officer, and that the District's tax assessment is therefore void; and that the Board of Equalization consisted of 3 members; that one member of the Board resigned, leaving Brigman and one other; that Brigman was not a de facto or de jure officer, so that no quorum was present on the Board of Equalization. The record reflects that all seven members of the School Board voted to appoint Mrs. Brigman; that she took an oath of office as Tax Assessor-Collector; met all requirements for the office; and performed all of the duties of Tax Assessor-Collector of the School District for many months, including the collection of some $12,000 in taxes.

Articles 432 and 433 Texas Penal Code are penal statutes declaring that no officer including School Board members, shall vote to employ any person related to them in the 2nd degree by affinity or 3rd degree by consanguinity, when the compensation of such appointee is to be paid from public funds. Article 437 Penal Code, makes violation a misdemeanor, punishable by fine of not less than $100 or more than $1000. The statute is directed at the officers making the appointment, and while a person so appointed in violation of the statute may not be a de jure official, the statute does not declare the acts of the person wrongfully appointed to be void.

■ The general rule is that when an official person or body has apparent authority to appoint to public office, and ap-

parently exercises such authority, and the person so appointed enters on such office, and performs its duties, he will be an officer de facto, notwithstanding there was want of power to appoint in the body or person who professed to do so. 43 Am.Jur. Sec. 481, p. 233; Martin v. Grandview Ind. Sch. Dist., Tex.Civ.App., Er.Ref., 266 S.W. 607. Norton v. Shelby Co., 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178.

 We think under the facts the trial court was correct in holding both the Tax Assessor-Collector and the Board of Equalization member de facto officers, whether or not they were de jure officers. Moreover, no violation of Article 432 is shown by the appointment of Board of Equalization member Brigman since he received no remuneration for his services.

 Plaintiffs' 3rd contention is that the trial court erred in finding that the basis for taxation purposes was the 20% valuation used by the County and State, increased by 70%. Plaintiffs say that such raise was not applied to personal property and for such reason the tax plan is erroneous. Assuming that such was the case, plaintiffs' contention avails them nothing.

 Plaintiffs filed their suit on September 30, 1964 after the tax plan was completed and in operation. Once a plan of taxation is put into effect the taxpayers must assume the onerous burden of proving substantial injury. Such burden here involves a showing by the taxpayer that his taxes or valuation is actually excessive. If the taxpayers' taxes (and valuation) are not excessive, even though the tax plan be fundamentally erroneous, such taxpayer is not entitled to relief. The plaintiffs tendered no evidence of the market value of any plaintiff's property. Since there is no showing as to the market value of any plaintiff's property, it cannot be shown that any plaintiff's property was in fact assessed excessively. Milligan v. Corsicana Ind. Sch. Dist., Tex.Civ.App., n. r. e., 381

S.W.2d 97; State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414.

 Plaintiffs' final contention is that the appointment of a Tax Assessor-Collector and Board of Equalization by an Independent School District is unconstitutional. Plaintiffs assert that Article 8, Sections 14 and 18 of the Texas Constitution, Vernon's Ann.St., requires the School District taxes to be assessed and collected by the County Tax Assessor-Collector and to be equalized by the Commissioners' Court as the Board of Equalization. The foregoing sections are general. Article 7, Section 3, Constitution of Texas, provides that the Legislature may provide for the formation of school districts, and "pass laws for the assessment and collection of taxes in all said districts." The Legislature passed Article 2791 Vernon's Ann. Tex.Civ.St., which creates the office of Tax Assessor-Collector of Independent School Districts and provides for the appointment, qualification and duties of same. Such Article further provides for the appointment of a Board of Equalization for the School District. We think the foregoing statute constitutional and that the defendant district had authority thereunder to appoint a Tax Assessor-Collector and Board of Equalization for the School District. While not passing on the point of constitutionality directly, our courts have assumed that independent school districts have the right to assess and equalize their own taxes. Aldine Ind. Sch. Dist. v. Standley, 154 Tex. 547, 280 S.W.2d 578; Hooks v. East Tex. Pulp & Paper Co., Tex.Sup.Ct., 369 S.W.2d 308.

All of plaintiffs' points and contentions are overruled.

Affirmed.

Justice TIREY sat in oral argument but thereafter ascertained that he was related to one of the appellants within the 3rd degree, and did not participate further.