

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 11, 1966

Honorable John Connally
Governor of Texas
Austin, Texas

ATTN:   Hon. Walter Richter, Director
Texas Office of Economic Opportunity

Opinion No. C-653

Re:   Whether Article 432, Vernon's Penal
Code, is applicable to the Board of
Economic Opportunity of Laredo and
Webb County, organized as a non-
profit corporation.

Dear Governor Connally:

Your request for an opinion poses the following question:

"Are the members of the Board of Directors of
a private corporation, chartered under the laws of
the State of Texas for the purpose of receiving and
distributing Federal funds in conformity with the
Economic Opportunity Act of 1964, subject to the
'nepotism' laws of the State of Texas, where the
salary of the personnel appointed by the members of
the Board of Directors is paid with Federal public
funds?"

Articles 432 and 433, Vernon's Penal Code, provide as
follows:

"Art. 432.   .   .   .

"No officer of this State nor any officer of
any district, county, city, precinct, school dis-
trict, or other municipal subdivision of this State,
nor any officer or member of any State district,
county, city, school district or other municipal
board, or judge of any court, created by or under
authority of any General or Special Law of this
State, nor any member of the Legislature, shall ap-
point, or vote for, or confirm the appointment to
any office, position, clerkship, employment or duty,
of any person related within the second degree by

affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree."

"Art. 433. . . .

"The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions."

The above-quoted penal provisions are directed at officers making appointments. Jackson v. Maypearl I.S.D., 392 S.W.2d 892 (Tex.Civ.App., 1965).

Since the Board of Economic Opportunity of Laredo and Webb County was chartered under the laws of the State of Texas as a

private corporation, for the purpose of receiving and distributing Federal funds in conformity with Public Law 88-452, known as the Economic Opportunity Act of 1964, the purpose of which was to "eliminate poverty by giving needy persons an opportunity for education, training, and work," it is our opinion that neither the corporation nor the members of the board of directors of such corporation are officers within the meaning of Articles 432 and 433, Vernon's Penal Code. You are therefore advised that such provisions are not applicable to the corporation or to members of the board of directors of such private corporation.

## SUMMARY

The provisions of Articles 432 and 433, Vernon's Penal Code /Nepotism laws of the State of Texas/ are not applicable to a private corporation or to the members of the board of directors of a private corporation chartered under the laws of the State of Texas for the purpose of receiving and distributing Federal funds in conformity with Public Law 88-452, known as the Economic Opportunity Act of 1964.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*
John Reeves
Assistant

JR:ms

APPROVED:
OPINION COMMITTEE
W. V Geppert, Chairman
Pat Bailey
Wade Anderson
Robert Flowers
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright