**Arch B. MARSHALL, Appellant,**

v.

**NORTHEAST HOUSTON INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 4613.**

Court of Civil Appeals of Texas.

Waco.

April 20, 1967.

Rehearing Denied May 11, 1967.

Red & Kemp, John F. Gay, Houston, for appellant.

Bracewell & Patterson, Harvin C. Moore, Jr., Joe Jaworski, Houston, for appellees.

## OPINION

WILSON, Justice.

In an ad valorem tax action the taxpayer appeals from a take-nothing judgment on an instructed verdict. He sought cancellation of the school district's tax assessment, an injunction, and recovery of taxes on realty paid under protest.

The taxpayer's whole case is that two neighboring tracts of other owners were assessed at $400 per acre, whereas his own land was assessed at from $400 to $520 per acre. He says that although his two neighbors' lands "were worth 30% more than appellant's property they were assessed at 12% to 13% less." He contends the constitutional requirements of equality and uniformity of taxation are thereby denied.

The taxpayer adduced no evidence of the market value of either his own land or the other two tracts. His evidence was confined to showing detrimental factors concerning his own land and advantageous points about the other. To disparage his own he introduced evidence of flooding, inaccessibility, oil wells, and the proximity of ditches, a sewage disposal plant and railroad tracks. The two nearby properties, it is argued, are not thus blemished.

The taxpayer alleged in general terms that the school district "conceived of an illegal scheme and plan of valuation" by assessing "without regard to fair market value as reflected by sales between willing sellers and willing buyers"; that the assessment "did not take into consideration the fair market value" of his lands; that other lands in the district were assessed "at a smaller percentage of fair market value" than his; and that his land was assessed at more than its fair market value. His points assert the instructed verdict was unauthorized for these reasons.

There are decisions which apparently support the rule that to show substantial injury from discrimination based on alleged inequality it is first necessary to prove market value as a basis for comparison, to show that the land in question is taxed at a higher percentage "of market value" than others. Whelan v. State, 155 Tex. 15, 22, 282 S.W.2d 378, 385; Milligan v. Corsicana Independent School Dist., Tex.Civ.App., 381 S.W.2d 97, no writ; Jackson v. Maypearl Independent School Dist., Tex.Civ.App., 392 S.W.2d 892, no writ. Appellant concedes he did not introduce such evidence, but says he accomplished the same goal by showing the other two tracts were 30% more valuable than his, and were assessed at a smaller amount.

It is not necessary for us to here decide this question or to turn the case on a narrow ground. It "is not sufficient to show, com-

paratively, that in other isolated instances, property of equal or greater value than that in suit, was valued at less." State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 573; Dallas County v. Dallas Nat. Bank, 142 Tex. 439, 179 S.W.2d 288, 289; Hutchinson v. City of Dallas, Tex.Civ.App., 290 S.W.2d 253, 257, no writ. This is the full extent of appellant's proof. It fails. It is "not necessary that the taxpayer make a comparative showing with all other property in the county," the Supreme Court said in the last cited cases, "but he must make at least a reasonable showing in that respect." The judgment is affirmed.