**DEL VALLE INDEPENDENT SCHOOL DISTRICT BOARD OF EQUALIZATION et al., Appellants,**

v.

**Charles W. HACKETT, Jr., et al., Appellees.**

**No. 5761.**

Court of Civil Appeals of Texas, Waco.

Feb. 9, 1978.

Rehearing Denied March 30, 1978.

J. C. Hinsley, Michael G. Maloney, Austin, for appellants.

Douglass D. Hearne, Kent M. Rider, Stayton, Maloney, Hearne & Babb, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants (officers of Del Valle Independent School District) from judgment permanently enjoining them from levying or attempting to collect

taxes on plaintiffs (Hackett et al) lands for 1974 and 1975, based on the assessed values for such years.

Plaintiffs sued defendants prior to the closing of the tax rolls for 1974 and 1975 seeking temporary restraining order and injunction against defendants certifying and closing its tax rolls for such years, and to enjoin defendants from levying or attempting to collect taxes on plaintiffs' lands based on the assessed values for such years.

Plaintiffs alleged defendants adopted and implemented an arbitrary and fundamentally erroneous plan or system of taxation for such years; that land located south of the Colorado river was substantially undervalued while land north of the river was substantially overvalued; that assessments of land in the District were made without regard to the reasonable cash market value thereof; that plaintiffs' lands were assessed at 91.7% for 1974 and 97.2% for 1975 of values recommended by defendants' appraisers while lands south of the river were assessed at less than half of recommended values; that had plaintiffs' lands been valued at the average percentage of recommended values of land south of the river plaintiffs' taxes would be decreased 52.9% for 1974 and 58.4% for 1975; that defendants' arbitrary and fundamentally erroneous plan resulted in plaintiffs' damage of $10,730.91; and that plaintiffs had timely sought relief of the Board of Equalization but were denied same.

Plaintiffs were granted temporary restraining orders which were continued in effect.

Defendants answered by general denial. and filed cross action against plaintiffs for $9,509.35 taxes assertedly due for 1974, and $9,825.40 taxes assertedly due for 1975 plus penalty and interest of $2,113.70.

Trial was to a jury, pertinent findings of which are summarized as follows:

1) Defendants used a plan of valuing land in the District for taxation without regard to its reasonable cash market value as of January 1, 1974 and January 1, 1975.

2) Defendants substantially undervalued land for taxation in the District located south of the Colorado river as compared to land located north of the river.

3) As a result plaintiffs will pay substantially more taxes than if defendants had not so acted.

4) Defendants have taxed a substantial number of other lands in the District on a lower percentage of reasonable cash market value than they have taxed plaintiffs for.

5) As a result plaintiffs will pay substantially more taxes than if defendants had not so acted.

6) The plan used by defendants for valuing land in the District was not uniform and equal.

7) As a result plaintiffs will pay substantially more taxes than if defendants had not so acted.

8) Plaintiffs will be injured $4,917.31 for 1974, and $5,241.38 for 1975, if forced to pay taxes on defendants' proposed values.

9) Plaintiffs' land has a reasonable cash market value of $606. to $664. per acre for 1974, and $636. to $697. per acre for 1975.

10) The 1974 and 1975 Board of Equalization did not make a good faith effort to honestly fix the values on plaintiffs' property at a fair, just, equal and uniform valuation for tax purposes in comparison with properties of other tax payers in the District.

11) The defendant School officials approved notations of recommended values per acre on property tax record cards introduced in evidence by plaintiffs.

12) Defendants authorized use for tax purposes, figures on plaintiffs' exhibits designated "Fair Market Value Given by Defendants or Their Agents or Representatives," and "Value Recommended by Defendants or Their Agents or Representatives".

The trial court rendered judgment permanently enjoining defendants: 1) from

levying or attempting to collect taxes on plaintiffs' lands for 1974 and 1975 in the proposed amounts and based on the plan, method or system of taxation used by defendants; 2) from levying or attempting to collect taxes on plaintiffs' lands for 1974 and 1975 based on any plan of valuing land which does not take into account the reasonable cash market value of all land in the District for such years; 3) [but] without prejudice to right of defendants to reassess and value plaintiffs' property in accordance with the law and collect such taxes as may be due thereon for 1974 and 1975; 4) with neither penalty nor interest to accrue on such reassessed values until 90 days after reassessment and notice to plaintiffs.

Defendants appeal on 85 points the main contentions of which we summarize as follows:

1) The trial court erred in admitting in evidence property tax record cards, and summaries prepared from such cards.

2) There is no evidence or insufficient evidence, to support Issues 1 thru 20, the judgment, or that plaintiffs would suffer substantial injury from defendants' tax plan.

3) The trial court erred in permitting plaintiffs to file their First Trial Amendment, and in admitting evidence of tender of payment of taxes by plaintiffs.

4) The trial court erred in providing in its judgment plaintiffs could pay taxes after reassessment within 90 days following such reassessment without paying penalty and interest.

Contention 1 is the trial court erred in admitting in evidence property tax record cards, and summaries prepared from such cards.

Plaintiffs introduced into evidence over defendants' objection some 1000 xerox copies of property tax record cards maintained by the school district on each piece of property in the district, and summaries prepared from such cards. Such cards contained the survey number, the number of acres covered, the name and address of the owner, the value assigned for tax purposes, the recom-

mended market value per acre, and the assessed value. The School Tax Assessor-Collector testified the cards were records of the School District Tax Office; that the cards constituted the only records in such office which show the recommended values on tracts as placed by the School Districts' appraisers; that there were no other records in the tax office showing such information, and whether or not the Tax Assessor-Collector followed or ignored the values recommended by the District Appraisers; that every entry on the cards was made by either: 1) The School Districts' appraisers; 2) Professional appraisers employed by the District; 3) The District Tax Assessor-Collector. Defendants stipulated the xerox copies of the property tax record cards were correct xerox copies of the cards they purported to be copies of.

■ We think the xerox copies of the tax record cards and summaries made therefrom were admissable to show what they contained, the manner in which the District was valuing and taxing lands.

Contention 2 is there is no evidence or insufficient evidence to support Issues 1 thru 20 (summarized in 1 thru 8 supra) the judgment, or that plaintiffs would suffer substantial injury from defendants' tax plan.

There is evidence defendants employed professional appraisers to appraise lands in the district; also used appraisers employed full time by the District to make appraisals; that the appraisers placed a recommended market value per acre on each property tax card; that the Tax Assessor-Collector thereafter placed an assessed value per acre on such cards; that the assessed values on lands north of the Colorado river followed the appraisers recommended values 80%, but followed the appraisers recommended values on land south of the river only 38%. There is evidence defendants used a plan of valuing land without regard to its reasonable cash market value; and that plaintiffs were damaged more than $10,000. by virtue of the Districts' plan in valuing land. Such figure represents twice the amount of taxes plaintiffs would have been required to pay

if all comparable lands in the District had been valued under a plan utilizing equal valuation of comparable properties on both sides of the river.

Plaintiffs have proved defendants utilized a fundamentally wrong and erroneous scheme of taxation; and plaintiffs filed their suit prior to closing of the tax rolls for 1974 and 1975, prior to the time the plan had been put into effect as to them, and availed themselves of the remedy of injunction to prevent defendants from putting the plan into effect as to them, and have shown that their taxes are twice what they would have been but for defendants' erroneous tax plan, thus showing substantial injury.

Defendants assert plaintiffs had the additional burden to prove that their taxes were excessive as to market value by proving market value of other properties in the District.

Since plaintiffs availed of the remedy of injunction to prevent the taxing authority from putting the plan in effect as to them, they do not have the extra burden of proving that their taxes would be excessive, but have only to establish substantial injury by virtue of the fundamentally wrong plan of taxation, which plaintiffs have done. *State v. Whittenburg,* 153 Tex. 205, 265 S.W.2d 569.

It is only where the taxpayer waits until the erroneous plan of taxation has been put into effect that he must prove that his tax is excessive as distinguished from unequal, and be required to introduce evidence of market values. *City of Arlington v. Cannon,* 153 Tex. 566, 271 S.W.2d 414; *Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378; *Jackson v. Maypearl Independent School District,* Tex.Civ.App. (Waco) NWH, 392 S.W.2d 892; *Milligan v. Corsicana Independent School District,* Tex.Civ.App. (Waco) NRE, 381 S.W.2d 97.

Contention 3 is the trial court erred in permitting plaintiffs to file their First Trial Amendment, and in admitting evidence of tender of payment of taxes by plaintiffs.

On November 17, 1975 plaintiffs unconditionally tendered into the registry of the court cash money representing the amounts of 1974 and 1975 taxes they were willing to pay for those years. On August 2, 1976 during trial counsel for plaintiffs asked one of the plaintiffs if a tender of taxes had been made. Counsel for appellant objected to this question on the ground of no pleading which objection was sustained. Thereafter plaintiffs tendered an amended pleading alleging the tender. The trial court permitted filing of the amended pleading and thereafter admitted evidence of tender.

The filing of a trial amendment in this instance is authorized by Rule 66 TRCP; filing same is within the sound discretion of the trial court; and unless the trial court abuses that discretion he will not be overturned. We cannot say the trial court abused his discretion here. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760; *Irwin v. Whirley,* Tex.Civ.App. (Waco) NWH, 538 S.W.2d 150.

Contention 4 asserts the trial court erred in providing in its judgment plaintiffs could pay taxes after reassessment within 90 days following reassessment without paying penalty and interest. Plaintiffs have tendered $9,188.64 on such taxes as may be found due upon reassessment. Defendants have the right to reassess and value plaintiffs' property in accordance with the law, and to collect such taxes as may lawfully be due thereon. Plaintiffs are entitled to application of the amount tendered on all taxes, penalty and interest which may be lawfully due, as of the date of tender. We think the trial court exceeded its authority in providing plaintiffs could pay within 90 days following reassessment without penalty and interest, and accordingly reform that portion of the judgment to delete the words "with neither penalty nor interest to accrue on such reassessed taxes until 90 days after reassessment and notice of that fact given to plaintiffs".

All defendants' points and contentions have been considered and are overruled, except as to reformation of the judgment above.

Costs of appeal are taxed against defendants.

REFORMED AND AFFIRMED.