Hazel DORMAN et al., Appellants,

v.

FERRIS INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 6035.

Court of Civil Appeals of Texas, Waco.

May 10, 1979.

Rehearing Denied June 7, 1979.

William J. Ruhe, Jr., Richardson, for appellants.

Earl Luna and George Vorpahl, Luna, Murton & Vorpahl, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Dorman, et al. from judgment of the trial court sustaining defendant School District's "Plea in Abatement and Motion to Dismiss", and dismissing plaintiffs' case.

Plaintiffs Dorman, et al., taxpayers in the Ferris Independent School District, filed suit against the District, its trustees and Tax Assessor, on September 29, 1978, alleging a fundamentally erroneous plan of taxation of property within the district and seeking a temporary restraining order, temporary injunction, and permanent injunction enjoining defendants from "certifying the tax rolls, until all taxable and assessable property is placed thereon in a uniform and equal manner  *  *  *  and from spending revenues until the tax rolls have been certified  *  *  *". Plaintiffs further sought mandatory injunction compelling defendants to do their specified duties as prescribed by the Statutes of Texas.

Defendants filed "Plea in Abatement and Motion to Dismiss" alleging that the tax roll which plaintiffs seek to prevent certification of has already been certified; and that plaintiffs' suit is moot.

The trial court after hearing sustained defendants' Plea in Abatement and dismissed plaintiffs' cause of action.

Plaintiffs appeal on 8 points which we summarize as follows:

1) The trial court erred in dismissing plaintiffs' suit because the evidence conclusively shows a fundamentally improper plan of assessment of taxes by the district.

2) The trial court erred in finding that the injunction sought by plaintiffs was too late because the evidence conclusively showed the tax plan had not been validly placed into effect.

■ Plaintiffs assert that Article 7255 VATS (made applicable to School Districts by Article 1060A VATS) which provides that "Each Tax Collector shall begin the collection of taxes annually on the first day of October or as soon thereafter as he may be able to obtain the proper assessment rolls  *  *  *" precludes the tax plan from taking effect as a matter of law until October 1.

We reject such contention. The tax plan goes into effect when the Board approves and adopts the tax roll and Ordinance setting the tax rate and levying taxes for the District. See *Jackson v. Maypearl ISD*, infra, in which plaintiff filed suit *September*

*30*, but after the tax plan had been put into effect.

As noted plaintiffs filed their suit on September 29, 1978 seeking to enjoin defendants from "certifying the tax rolls until all taxable property is placed therein in an equal manner". Defendants filed Plea in Abatement asserting the tax rolls had already been certified and that plaintiffs action was moot.

■ Contrary to plaintiffs' contention the evidence is conclusive that the Board of defendant school district certified the tax roll of the district on August 16, 1978; and is further conclusive that the Board approved and adopted the 1978 tax roll and Ordinance setting the tax rate and levying the taxes for the tax year 1978 on September 19, 1978, and that the tax plan for the tax year 1978 was placed in effect on September 19, 1978.

The tax plan having been placed in effect on September 19, 1978 and plaintiffs having filed their suit on September 29, 1978 the remedies of injunction and mandamus are lost as to them. *City of Arlington v. Cannon*, S.Ct., 153 Tex. 566, 271 S.W.2d 414; *Zglinski v. Hackett*, CCA (Austin) NRE, Tex.Civ.App., 552 S.W.2d 933; *Milligan v. Corsicana Ind. School District*, CCA (Waco) Tex.Civ.App., 381 S.W.2d 97; *Jackson v. Maypearl Ind. School District*, CCA (Waco) NWH, Tex.Civ.App., 392 S.W.2d 892; *Blaha v. McHenry*, CCA (Houston 14) NRE, Tex. Civ.App., 468 S.W.2d 186; *Muncy v. Johnston*, CCA (Amarillo) NWH, Tex.Civ.App., 402 S.W.2d 525; *Swamp Irish, Inc. v. Snow*, CCA (Corpus Christi) NWH, Tex.Civ.App., 501 S.W.2d 690. See also: *State v. Whittenburg*, S.Ct., 153 Tex. 205, 265 S.W.2d 569.

Had plaintiffs sought to enjoin defendants from putting into effect the erroneous plan of taxation, as to them, and filed such suit prior to the time such plan had been put into effect, as was done in *Del Valle Ind. Sch. Dist. Bd. of Equal. v. Hackett*, CCA (Waco) NRE, Tex.Civ.App., 563 S.W.2d 338, plaintiffs would have been entitled to that injunctive relief. But here plaintiffs only sought to enjoin defendants from certifying the tax rolls, and filed their suit after the tax rolls had already been certified, and after and the tax plan for 1978 had been put into effect, and were thus properly denied the injunctive relief sought.

All plaintiffs' points and contentions are overruled.

AFFIRMED.