Preston **HAIRGROVE**, Clifford Show, Dale E. Gale, and Ronnie Hoover, Individually and as Representatives of the Taxpayers of Pasadena, Texas, Appellants,

v.

**CITY OF PASADENA**, Texas, Johnny Isbell, Bruce K. Walters, Bill Welch, Emilo Carmona, Gene Garison, Jim Barker, Phil Cayten, Leon Searcy, and John Manlove, Individually and in Their Capacities as Mayor and City Councilmen of the City of Pasadena, Appellees.

No. 01–01–00368–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 2002.

John Sidney Adcock, W. Curt Webb, Beck, Redden & Secrest, L.L.P., Houston, for Appellant.

Gene L. Locke, Andrews & Kurth, L.L.P., Houston, for Appellee.

Panel consists of Justices MIRABAL, NUCHIA, and RADACK.

### OPINION

SAM NUCHIA, Justice.

Appellants and plaintiffs below, Preston Hairgrove, Clifford Show, Dale E. Gale, and Ronnie Hoover, sued the City of Pasadena, Texas (the City) its mayor, Johnny Isbell, and city councilmen, Bruce K. Walters, Bill Welch, Emilo Carmona, Gene Garison, Jim Barker, Phil Cayten, Leon Searcy, and John Manlove, individually and in their official capacities, alleging they maintained a "slush fund" of $20 mil-

lion, which was not properly disclosed in the process of setting the budget and levying taxes. The trial court dismissed the cause for lack of standing. We affirm.

## BACKGROUND

Plaintiffs filed their lawsuit on August 30, 2000 as an action for declaratory judgment. They alleged that the defendants (1) violated the City's Home Rule Charter by maintaining the undisclosed $20 million fund; (2) acted in bad faith in levying and raising taxes without showing the undisclosed fund; and (3) violated section 26.04(e)(2) of the Texas Tax Code in setting and/or increasing the taxes assessed without disclosing the fund. For relief, plaintiffs requested (1) damages of $20 million to be returned to the budget process of the City, (2) an injunction preventing defendants from levying or collecting taxes until the fund was returned to the budget process, (3) an injunction preventing defendants from spending the fund outside the budget process, (4) a constructive trust to prevent disbursement of the funds, (5) a declaration that the guilty parties' offices were vacant, and (6) attorney's fees.

Defendants answered with a general denial and, in addition, asserted affirmative defenses including lack of standing and governmental and official immunity. Defendants also filed special exceptions asserting failure to state a cause of action and lack of standing. On September 19, 2000, the City adopted its tax rate for the 2000 tax year. On September 26, 2001, defendants filed a plea to the jurisdiction in which they contended plaintiffs did not have standing to sue because they did not allege an injury distinct and separate from that of the general public.

On October 27, 2000, plaintiffs filed their first amended petition, which added a cause of action for injunctive relief under the Tax Code. In their allegations, plaintiffs stated the following:

> Plaintiffs request an immediate temporary restraining order and injunction against Defendants as authorized by Texas Tax Code § 26.04(g) to prevent the Defendants ... from adopting a tax rate in violation of the Home Rule Charter and the Texas Tax Code, and from spending, transferring, encumbering, obligating, delegating, etc., any cash from any account or fund not currently properly appropriated by the annual or interim fiscal period appropriation.

On March 23, 2001, the trial court signed an order granting defendants' plea to the jurisdiction and dismissing plaintiffs' causes of action against all defendants for lack of standing.

## DISCUSSION

### I. Standard of Review

Standing is a component of subject-matter jurisdiction and, therefore, cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993). Because standing is a component of subject-matter jurisdiction, we review a trial court's determination of standing de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a dismissal for lack of jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. When necessary, we consider evidence relevant to the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

### II. Standing Under Section 26.04(g)

In their first issue, plaintiffs contend they have standing to bring their claims because standing is expressly granted in

section 26.04(g) of the Texas Tax Code. Section 26.04(g) provides:

A person who owns taxable property is entitled to an injunction prohibiting the taxing unit in which the property is taxable from adopting a tax rate if the assessor or designated officer or employee of the unit, as applicable, has not complied with the computation or publication requirements of this section and the failure to comply was not in good faith.

TEX. TAX CODE ANN. § 26.04(g) (Vernon Supp.2002).

■■■ Generally, taxpayers may not sue the government to contest a governmental action unless standing is conferred by statute or the taxpayers can show they have suffered a particularized injury distinct from that suffered by the general public. *See Blue,* 34 S.W.3d at 555–56. Because a taxpayer lawsuit under section 26.04(g) is a statutory cause of action, we must strictly construe the statute and all the elements of the cause of action. *See Ex Parte Casey,* 944 S.W.2d 18, 21 (Tex.App.-Houston [14th Dist.] 1997, no writ).

### A. Plaintiffs' Original Petition

■■■ Plaintiffs, in their original petition, did not allege a particularized injury or a statute conferring standing to sue. Thus, the allegations in their original petition did not show standing pursuant to any statute or on the basis of any particularized injury.

Plaintiffs contend they had standing under their original petition because they alleged violation of section 26.04(e)(2) of the Texas Tax Code and requested a temporary and permanent injunction enjoining defendants from levying or collecting taxes from plaintiffs and the taxpayers of Pasadena. Plaintiffs argue that these allegations were sufficient to place the City on notice of their claims under the Texas Tax Code.

Although it is true that plaintiffs' original petition gave fair notice that they were complaining about the defendants' failure to comply with section 26.04(e)(2) of the Tax Code, the petition gave no notice whatever that plaintiffs were seeking the only relief to which they were entitled—an injunction prohibiting the City from adopting a tax rate. Instead, they requested relief not contemplated in the Tax Code, including $20 million damages to be returned to the City's budget process, an injunction preventing the levying or collecting of taxes, an injunction preventing the spending of the fund, a constructive trust to be imposed on the fund, and a declaration that the officials' offices were vacant.

The dissent finds plaintiffs' prayer for general relief to be sufficient to give fair notice that they were requesting an injunction prohibiting the City from adopting a tax rate. We disagree. If plaintiffs' prayer for general relief could be so construed, prayers for specific relief would not be necessary. The purpose of pleadings is to give notice of claims and defenses and notice of the relief sought. *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex. 1991). Even construing plaintiffs' pleadings in their favor, we conclude that their original petition does not show an intent to enjoin the adoption of the tax rate, and thus, cannot give such notice to defendants. Plaintiff's original petition does not establish standing under section 26.04(g).

### B. Plaintiffs' First Amended Petition

On October 27, 2000, more than a month after the City adopted its new tax rate, plaintiffs filed their first amended petition, which alleged a particularized injury. However, they did not state the nature of their particularized injury, and they have abandoned that contention on appeal. Appellants' first amended petition also al-

leged standing under section 26.04(g) and, in their prayer for relief, requested injunctive relief as follows:

> 2. A temporary and permanent injunction enjoining Defendants and Defendants' agents, servants, and employees from adopting a tax rate and from levying or collecting taxes from Plaintiffs and the taxpayers of Pasadena until the excess cash fund being maintained by the Defendant has been returned to the budget process.

In addition, they requested the same injunctive and other relief that they requested in their original petition.

■ Defendants contended at trial and contend on appeal that, because plaintiffs first requested injunctive relief under section 26.04(g) after the tax rate had been adopted, their claim was moot. Defendants cite *Dorman v. Ferris Independent School District* in support of their contention. 581 S.W.2d 783 (Tex.Civ.App.-Waco 1979, writ ref'd, n.r.e.). Plaintiffs argue that the adoption of the tax rate before their amended petition was filed does not moot their cause of action, because the actions of defendants are "capable of repetition yet evading review." Plaintiffs rely on *Gilbert v. El Paso County Hospital District*, 38 S.W.3d 85 (Tex.2001), as does the dissent.

In *Gilbert*, a taxpayer suit based on the hospital district's failure to make certain disclosures under section 26.04(e)(2), the issue was whether the district must disclose only property taxes left over from previous years or must include funds from all sources available to the hospital district. *Id.* at 86. The trial court had determined that the disclosures should include all available funds and, because of a similar conclusion in a previous lawsuit against the county, the trial court concluded that the hospital district's failure to include all funds was in bad faith. *Id.* at 87–88. The trial court enjoined the adoption of a tax rate in the future unless the district disclosed available funds from all sources. *Id.* at 88. The court of appeals reversed the trial court, holding that the required disclosure under section 26.04(e)(2) was limited to left-over property tax funds. *Id.* The supreme court, addressing only the issue of the types of funds to be disclosed, held that taxing units must disclose funds available from all sources in its section 26.04(e)(2) report. *Id.* at 92.

Although the hospital district had approved the tax rate before the trial court rendered its judgment, the supreme court did not address the issue of mootness, either expressly or impliedly, as claimed by plaintiffs. The only issue before the supreme court was the declaratory judgment that determined the types of funds to be included in the required disclosure.

In *Dorman*, relied on by defendants, taxpayers filed suit on September 29, 1978 to enjoin the school district from certifying the tax rolls until all taxable and assessable property was placed on the roll in a uniform manner and to enjoin the school district from spending revenues until the tax rolls had been certified. *Dorman*, 581 S.W.2d at 784. However, the district had certified the tax rolls on August 16, 1978 and had approved and adopted an ordinance setting the tax rate and levying the taxes for the tax year on September 19, 1978. *Id.* at 785. Because the taxpayers sought to enjoin only events that had already occurred, the court of appeals held that the trial court properly dismissed the plaintiffs' suit as moot. *Id.*

As in *Dorman*, plaintiffs in this case first sought to enjoin the City's adoption of the tax rate after the rate had been adopted. Accordingly, we overrule plaintiffs' first issue.

### III.  Declaratory Judgment Relief

■ In their second issue, plaintiffs contend that, because they have a right to

bring their claims under section 26.04(g), they are also entitled to seek related declaratory relief. Plaintiffs do not refer to any specific declaratory relief sought. However, in their petition, plaintiffs' only request for such relief was, "Upon a showing of a willful violation, an order declaring the guilty parties' office vacant."

The dissent cites *El Paso County Hospital District v. Gilbert* as authority to show plaintiffs' entitlement to seek declaratory judgment relief. 64 S.W.3d 200 (Tex.App.-El Paso 2001, pet. filed). However, *Gilbert* recognizes that the Uniform Declaratory Judgments Act provides a procedural device to determine controversies already within the powers of the court and does not confer new substantive rights on the parties or give additional subject-matter jurisdiction to a court. *Id.* at 203. In *Gilbert,* the determination of the funds to be included in the required disclosures was clearly related to the issue of whether the hospital district had properly disclosed available funds under section 26.04(e)(2).

The declaratory relief requested by plaintiffs in this case—that certain public officials' offices are vacant—is not authorized by, nor is it related to, the injunction authorized in section 26.04(g). We must strictly construe the statutory cause of action. *See Ex parte Casey,* 944 S.W.2d at 21. Therefore, we hold that, under section 26.04(g) of the Texas Tax Code, plaintiffs were not entitled to seek relief declaring any of defendants' offices vacant.

Accordingly, we overrule plaintiffs' second issue.

We affirm the judgment.

Justice MIRABAL dissenting.

MIRABAL, Justice, dissenting.

I dissent.

### Standing

The majority opinion states that, "Although it is true that plaintiffs' original petition gave fair notice that they were complaining about the defendants' failure to comply with section 26.04(e)(2) of the Tax Code, the petition gave no notice whatever that plaintiffs were seeking the only relief to which they were entitled—an injunction prohibiting the City from adopting a tax rate." Respectfully, I point out that plaintiffs' original petition specifically includes a prayer for "such other and further relief to which plaintiffs may be justly entitled." Plaintiffs alleged that defendants violated a particular statute; defendants were on notice that plaintiffs were seeking the relief to which they were entitled for violation of the statute.[1] Plaintiffs' original petition establishes standing under section 26.04.

### Mootness

Although the City adopted the tax rate before the trial court made any rulings in the case, that did not moot plaintiffs' cause of action because the actions of defendants were subject to being repeated every year. *See Gilbert v. El Paso County Hosp. Dist.,* 38 S.W.3d 85, 88 (Tex.2001). In *Gilbert,* even though the hospital district had approved the tax rate before the trial court rendered its judgment, the trial judge specifically ruled that the issue was not moot; the Texas Supreme Court specifically noted the trial court's ruling and then proceeded to reach the merits of the issues on

1. A petition is to be construed liberally in favor of the pleader to determine whether it gives the opposing party information sufficient to enable it to prepare a defense. *See Roark v. Allen,* 633 S.W.2d 804, 809–10 (Tex. 1982).

appeal. *Id.* at 88 n. 3. This case is unlike *Dorman,* relied on by the majority opinion because, in *Dorman,* the taxpayers filed suit after the tax rate had been set, while here, plaintiffs filed suit before the city adopted the tax rate. *See Dorman v. Ferris Indep. Sch. Dist.,* 581 S.W.2d 783, 784–85 (Tex.Civ.App.-Waco 1979, writ ref'd, n.r.e.).

Because plaintiffs had standing to bring this action under the tax code, and because the cause of action raised was not moot, we should sustain plaintiffs' first issue.

### Declaratory Judgment Relief

Because plaintiffs have standing to sue under the tax code, plaintiffs may also seek declaratory judgment relief. *See El Paso County Hosp. Dist. v. Gilbert,* 64 S.W.3d 200 (Tex.App.-El Paso 2001, pet. filed) (on remand). We should sustain issue two.

### CONCLUSION

The trial court dismissed plaintiffs' claims "due to plaintiffs' lack of standing." In my opinion, the trial court erred. We should reverse and remand.