Opinion issued July 17, 2008 









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01035-CV






TERA PESSARRA, Appellant


V.


FRANK WAYNE SEIDLER, KIMBERLY MCMILLAN, FLOYD
CHRISTIAN, JR., TERA HOLLIE STOWE, AND JANET DOUVAS
CHAFIN, Appellees






On Appeal from County Court at Law No. 3

Brazoria County, Texas

Trial Court Cause No. GN027633






MEMORANDUM OPINION


 This is an appeal of the trial court's final order in the guardianship proceeding
of appellant, Tera Pessarra, filed by attorney Dora Bonner, who asserts nine issues on
behalf of Pessarra. Bonner argues that (1) the trial court failed to file findings of fact
and conclusions of law; (2) the trial court erred in not dismissing Seidler's application
for guardianship after denying the motion for a mental exam; (3) the trial court erred
in not dismissing Seidler's application for guardianship after Seidler was disqualified
by Pessarra in her Declaration of Guardian in the Event of Incapacity; (4) the trial
court erred in not discharging the attorney ad litem once the temporary guardian was
established; (5) the trial court erred in designating the attorney ad litem lead counsel
because Pessarra had retained her own counsel; (6) the trial court improperly paid the
attorneys associated with this matter; (7) the trial court should have considered
Pessarra's preferred guardian as designated in her Declaration of Guardian in the
Event of Incapacity; (8) the trial court erred in incorporating terms contrary to the
terms of an unrevoked mediated settlement agreement in the final order appointing
a permanent guardian; (9) the trial court is estopped from finding that Bonner had no
authority to represent Pessarra.

 We dismiss for lack of jurisdiction.

Background

 The guardianship proceeding began on October 27, 2004, when Frank Seidler,
Pessarra's grandson, filed an application to be appointed Pessarra's guardian, alleging
that Kimberly McMillan, Pessarra's then-caretaker, was keeping Pessarra away from
other family members and that McMillan had worked in conjunction with others to
unduly influence Pessarra to change her will and void a living trust. On October 28,
2004, the trial court appointed Mel Burridge as attorney ad litem for Pessarra. (1)

 On November 1, 2004, after the appointment of the attorney ad litem to
represent Pessarra, McMillan hired Bonner to represent Pessarra using a power of
attorney that had been drawn up by Bonner and executed in favor of McMillan on
September 16, 2004. McMillan signed a legal services agreement with Bonner on
Pessarra's behalf, agreeing to pay Bonner $150 per hour. McMillan had already
retained Bonner to represent herself. On November 2, 2004, Bonner filed McMillan's
answer opposing Seidler's application to be appointed Pessarra's guardian and
seeking to be appointed as Pessarra's guardian herself. On that same day, the trial
court held an evidentiary hearing to determine whether a mental evaluation of
Pessarra was necessary. The trial court declined to order the mental evaluation at that
time but requested further discovery. Also during the evidentiary hearing, the trial
court informed Bonner that she could not continue to represent both McMillan and
Pessarra and that she would have to withdraw as counsel for one of them.

 On November 4, 2004, Greg Donnell was appointed to replace Mel Burridge
as Pessarra's attorney ad litem. On November 16, 2004, the trial court signed an
order allowing Bonner to withdraw from representing McMillan.

 On November 24, 2004, Bonner drafted, and Pessarra executed, a "Declaration
of Guardian in the Event of Later Incapacity or Need of Guardian" designating
McMillan as the guardian of her person and estate and expressly disqualifying Seidler
and Pessarra's other grandchildren, Hollie Stowe and Michael Dvorak. The
declaration also disqualified Pessarra's only living child, Carolyn Pruett, from serving
as guardian. Also on November 24, 2004, Bonner filed a motion to dismiss applicant
Seidler from the guardianship proceedings. On December 3, 2005, the trial court
abated the motion to dismiss Seidler pending discovery.

 On February 9, 2005, Seidler filed a motion for reconsideration of the motion
for mental examination and for the appointment of a guardian ad litem or temporary
guardian pending a final hearing. In his motion, Seidler relied on discovery received
from McMillan showing that she had expended $85,000 for expenses, including
$39,000 paid directly to herself, and that she had purchased a second home for
Pessarra at a cost of $182,000.

 On February 14, 2005, Donnell filed a motion to show authority, questioning
the need for Pessarra to have both Bonner and Donnell represent her and asking the
court to clarify their roles.

 On March 15, 2005, Seidler filed a new application for temporary
guardianship. The trial court issued an order setting a hearing and ordering that
Donnell represent Pessarra. The order stated that "Greg Donnell, an attorney licensed
to practice before this Court, previously appointed as Attorney Ad Litem, shall
continue to represent the interests of [Pessarra]."

 The trial court issued another order on March 17, 2005, appointing Floyd
Christian as Pessarra's temporary guardian, suspending the power of attorney
executed in September 2004 under which McMillan had hired Bonner to represent
Pessarra, and declaring that "Greg Donnell is to remain Attorney Ad Litem and is
appointed Guardian Ad Litem to represent the interests of [Pessarra]."

 On May 17, 2005, Seidler filed a Rule 12 (2) Motion to Show Authority, also
questioning Bonner's authority to continue to represent Pessarra. Bonner responded
to this motion on May 23, 2005, alleging that she had been hired to represent Pessarra
under a valid power of attorney and that Pessarra had not been declared incapacitated
at the time Bonner was retained. Bonner argued that Pessarra was presumed to have
the authority to hire legal representation. The trial court held a hearing on August 4,
2005 addressing the Rule 12 motion and held from the bench: The Court's decision is as follows: Because the attorney ad litem
is a statutorily mandated position, I make the following finding:
[Bonner] may remain on the case as attorney of choice, but the attorney
ad litem is designated as lead counsel. All pleadings will be filed under
Mr. Donnell's name on behalf of the ward, [Pessarra]. I will not
consider any filings that do not have Mr. Donnell's approval and
sanction for filing.


 As to fees, that's a very delicate issue because there is a finite
amount of funds at this point and because Mr. Donnell is statutorily
required, initial allocation of funds will be Mr. Donnell's fees prior to
any private payment for Attorney Bonner's services.


The trial court then went on to hold that the motions filed by Bonner were not
properly before the court. The trial court issued an order on Seidler's motion to show
authority on August 23, 2005, in which the court found:

[T]he Motion should be denied[.] [T]he Texas Probate Code requires the
appointment of an Attorney Ad Litem who is Greg Donnell in this case,
and . . . he will be lead counsel in this case and Dora Bonner may not
file any documents or motions or take any action without the prior
approval of lead counsel. IT IS ORDERED that the Motion to Show
Authority is denied but Greg Donnell shall be lead counsel for Tera
Pessarra and Dora Bonner shall not file any documents or motions or
take any action without the prior approval of lead counsel.


 In August 2005, the parties involved reached a settlement through mediation,
in which they agreed to retain McMillan as Pessarra's caregiver and to create a
management trust for Pessarra's estate. The parties agreed that the estate would make
monthly payments to McMillan while she served as Pessarra's caretaker. However,
on November 7, 2005, before the trial court entered the final orders implementing the
settlement agreement, Pessarra's temporary guardian, Floyd Christian, filed an
Emergency Show Cause Complaint for Removal, asking the trial court to remove
McMillan as Pessarra's caregiver due to suspected abuse. On November 9, 2005, the
trial court held a hearing on Christian's Emergency Show Cause Complaint and
issued an order that McMillan be removed from Pessarra's property. On January 12,
2006, the trial court again ordered McMillan to vacate Pessarra's property and
stopped all monthly payments to McMillan.

 Stowe filed an application to be appointed Pessarra's guardian on February 22,
2006, and Janet Chafin, a longtime friend of Pessarra's, filed an application to be
appointed Pessarra's guardian on April 12, 2006. On September 1, 2006, Stowe
withdrew her application and substituted Charlotte Seward, Pessarra's niece, as an
applicant to be appointed Pessarra's guardian.

 On September 7, 2006, all of the parties officially stipulated that Pessarra was
totally incapacitated. On September 11, 2006, McMillan formally withdrew all of her
applications to be appointed Pessarra's guardian, and a bench trial was set to
determine whether one of the remaining two applicants, Seward and Chafin, should
serve as Pessarra's guardian.

 On September 25, 2006, Chafin made a pretrial motion to disqualify Bonner
as the attorney representing Pessarra's interests. Chafin argued that the ward had
been declared incapacitated and that Bonner had actually been retained by McMillan
in defending against Seidler's application for guardianship, which had since been
withdrawn. She also cited to the trial court's previous orders limiting Bonner's
representation of Pessarra. The trial court denied Chafin's motion, but reaffirmed its
previous orders and rulings on Bonner's role in the court, stating that Bonner would
not be able to question witnesses and that all of her input should be funneled through
Donnell.

 Bonner asked the trial court for leave to file a petition for a writ of mandamus
to have this Court determine whether the attorney ad litem or the retained attorney
had the right to represent Pessarra. Although the trial court denied her request,
Bonner filed a petition for writ of mandamus in this Court on September 26, 2006. 
We denied her petition for writ of mandamus on the same day. (3) Bonner never
objected to the trial court's rulings and orders on this issue or filed any motion to
have Donnell removed as Pessarra's attorney.

 The bench trial concluded on September 27, 2006. On October 25, 2006, the
trial court issued a series of orders disposing of the remaining issues in Pessarra's
guardianship proceeding. It issued an "Order Appointing Permanent Guardian of the
Person," appointing Chafin as Pessarra's permanent guardian and removing Christian
as the temporary guardian. The trial court also issued its "Order Creating a
Management Trust for the Benefit of Tera Gray Pessarra" and an order approving the
final account of Christian, the temporary guardian. The trial court issued three
separate orders granting fees and expenses to Donnell, Pessarra's attorney ad litem,
Wes Griggs, the lawyer who represented Stowe and Seward, and Christian. In yet
another October 25, 2006 order, the trial court denied Bonner's request for fees and
expenses.

 On November 1, 2006, Bonner filed a notice of appeal stating Pessarra's
intention "to appeal from the final judgment signed by [the trial court] on October 25.
2006." On November 21, 2006, the trial court signed the Supplemental Order
Regarding Attorney Representation of the Ward. In the order, the trial court
reaffirmed its appointment of Donnell to represent Pessarra's interests and its
previous orders regarding Bonner's role in Pessarra's representation. The order
stated, "IT IS ORDERED that as of March 17, 2005, the date on which this Court
formally suspended all powers of attorney and ordered that Greg Donnell would
remain as Attorney Ad Litem for [Pessarra], Dora L. Bonner had and has no legal
standing or authority to act as [Pessarra's] attorney in this matter."

 Bonner filed an amended notice of appeal on Pessarra's behalf, again
challenging the trial court's "final judgment signed . . . on October 25, 2006" and also
challenging the trial court's November 21, 2006 supplemental order. Bonner also
requested findings of fact and conclusions of law. The trial court issued findings of
fact and conclusions of law on July 13, 2007. It included the following conclusions
of law:

1. [Bonner] has no standing or legal authority to act as [Pessarra's]
attorney.


2. All powers of attorney were terminated by the Order Appointing
Permanent Guardian, therefore the purported Employment
Agreement signed by Kimberly McMillan on November 2, 2004
as agent for [Pessarra] is also terminated and of no effect.


3. [Bonner] had no legal authority to act as attorney of record for
[Pessarra] independent of the statutorily appointed Attorney Ad
Litem from the time the Attorney Ad Litem was appointed on
October 28, 2006. (4)


4. Per the Court's Order of March 17, 2005, when the power of
attorney pursuant to which [Bonner] was employed by the agent
was suspended, the employment agreement was also suspended.


Analysis

 On appeal, Bonner argues on behalf of Pessarra that the trial court erred in its
orders appointing Donnell as lead counsel because it deprived Pessarra of her right
to be represented by the attorney of her choice. Chafin and Christian argue that
Bonner lacks jurisdiction to assert this appeal because Bonner had no standing or
authority to represent Pessarra or to file a notice of appeal on Pessarra's behalf. (5) 

 There is a general presumption that an attorney is acting with authority;
however, that presumption is rebuttable. Breceda v. Whi, 187 S.W.3d 148, 152 (Tex.
App.--El Paso 2006, no pet.); Kelly v. Murphy, 630 S.W.2d 759, 761 (Tex.
App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.); see also City of San Antonio v.
Aguilar, 670 S.W.2d 681, 684 (Tex. App.--San Antonio 1984, writ dism'd) ("[A]n
attorney who has conducted a case in the trial court is presumed to have authority to
pursue an appeal, although this presumption can be rebutted."). Here, appellees have
rebutted the presumption that Bonner had authority to represent Pessarra when she
filed the notice of appeal by pointing to the trial court's multiple orders, rulings, and
conclusions of law that Bonner was limited in her representation to acting through the
court-appointed attorney, Greg Donnell.

 The trial court's rulings and orders on this issue make it clear that Bonner does
not have authority to file documents with the trial court on Pessarra's behalf, and
Bonner did not object to those rulings and orders in the trial court. (6) We conclude that
Bonner lacked authority to file a notice of appeal on Pessarra's behalf.

 Furthermore, Bonner herself does not have standing to appeal any of the orders
establishing Pessarra's guardianship. Standing presents a question of law which we
review de novo. See Hairgrove v. City of Pasadena, 80 S.W.3d 703, 705 (Tex.
App.--Houston [1st Dist.] 2002, pet. denied). Standing is implicit in the concept of
subject matter jurisdiction. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851
(Tex. 2000). Subject matter jurisdiction is essential to the authority of a court to
decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). Standing, as a necessary component of a court's subject matter jurisdiction,
is a constitutional prerequisite to maintaining suit. Id. at 444. The standing
requirement under Texas law stems from two limitations on subject matter
jurisdiction: the separation of powers doctrine and the open courts provision, "which
contemplates access to the courts only for those litigants suffering an injury." Id.

 Here, Bonner has not shown that she had authority to represent Pessarra as
required to appeal on Pessarra's behalf. Nor has she shown either that herself
suffered an injury from the trial court's October 25, 2006 orders appointing Chafin
as Pessarra's permanent guardian, creating a management trust for Pessarra's estate,
approving the final accounting, or granting attorney's fees and expenses to the other
lawyers involved in this case. We hold, therefore, that Bonner lacked standing to
bring this appeal. See id.

 We dismiss this cause for lack of jurisdiction. Because we conclude that
Bonner did not have authority to file this appeal and we do not have jurisdiction to
consider it, we do not need to address the nine issues raised in her brief. See Tex. R.
App. P. 47.1.




Conclusion

 We dismiss this appeal for lack of jurisdiction.





 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley
1. The trial court was required by section 646 of the Texas Probate Code to appoint an
attorney ad litem for at least a portion of the proceedings. See Tex. Prob. Code Ann.
§ 646(a) (Vernon Supp. 2007) ("In a proceeding under this chapter for the
appointment of a guardian, the Court shall appoint an attorney ad litem to represent
the interests of the proposed ward.").
2. See Tex. R. Civ. P. 12.
3. In re Pessarra, 01-06-00868-CV, 2006 WL 2835889 (Tex. App.--Houston [1st Dist.]
Sept. 26, 2006, orig. proceeding) (not designated for publication).
4. The trial court cited its order dated August 23, 2005, which was the order disposing
of Seidler's Rule 12 motion to show authority. The date given here by the trial court
appears to be a clerical error--the attorney ad litem was originally appointed October
28, 2004, the day after Seidler originally instituted the guardianship proceedings.
5. Pessarra's appeal, filed by Bonner, does not contend that Chafin should not have been
named as Pessarra's guardian.
6. Bonner asked for leave to file a mandamus, but that action did not serve to inform the
trial court of the grounds on which Bonner objected to the trial court's rulings on her
status in the case. See Tex. R. App. P. 33.1(a)(1) (stating that complaint must be made
to trial court by timely request, objection, or motion that states grounds for ruling
sought by complaining party and complies with Texas Rules of Evidence). Her
petition for writ of mandamus was denied by this Court. See In re Pessarra, 01-06-00868-CV, 2006 WL 2835889 (Tex. App.--Houston [1st Dist.] Sept. 26, 2006, orig.
proceeding) (not designated for publication).