Opinion by: Patricia O. Alvarez, Justice
This appeal stems from the adoption of the 2016 tax rate by the Maverick County Commissioners' Court and the subsequent discovery of an inadvertent error in the rollback tax rate calculation. In the underlying lawsuit, Appellee Ethelvina I. Felan filed a petition seeking an election to roll back the 2016 tax rate. Felan also filed a petition for writ of mandamus and injunction seeking to compel the government officials of Maverick County to hold the roll back election. In this appeal, Appellants[2] challenge the trial court's order denying their plea to the jurisdiction and motion for summary judgment. We reverse the trial court's order denying the plea to the jurisdiction and dismiss Felan's underlying lawsuit against Appellants.
MAVERICK COUNTY TAX RATES AND THE APPLICABLE TAX CODES
After preparing a budget sufficient to pay its debts and meet its maintenance and operation needs, a local taxpaying unit adopts a property tax rate to support that budget. See TEX. TAX CODE ANN. § 26.05(a) (West Supp. 2017). The Texas Constitution requires local taxing units to apprise taxpayers of tax rate proposals and afford taxpayers the opportunity to "roll back" or limit property tax increases. See TEX. CONST. art. VIII § 21 (a). Maverick County is a taxing unit pursuant to chapter 26 of the Texas Tax Code and article VIII, section 21(a) of the Texas Constitution. See TEX. TAX CODE ANN. ch. 26; TEX. CONST. art. VIII § 21 (a).
A. Adopting a Tax Rate under Texas Tax Code Chapter 26
Before a local taxing unit adopts a tax rate, the tax assessor (or other designated officer or employee), calculates the "rollback tax rate" and the "effective tax rate" based on formulas set forth in the Tax Code. See id. §§ 26.04(c), 26.041. The rollback tax rate places a cap on the tax rate a local taxing unit can adopt in any given year. See id. § 26.04(c). The effective tax rate is the rate at which the properties on the tax roll must be taxed so that that amount collected in the current fiscal year will equal the revenue collected in the previous year. Id.
After the tax assessor calculates the rollback tax rate and the effective tax rate, these rates are delivered to the local taxing unit and published with an explanation of how the tax rates were calculated, the fund balances, a schedule of debt obligations, and anticipated tax revenue. See id. § 26.04(e). The local taxing unit then adopts a tax rate for the current year sufficient to fund both the unit's debt service and the maintenance and operating procedures. See id. § 26.05(a). If the adopted tax rate exceeds the rollback tax rate, the qualified voters may petition for an election to determine whether to reduce *232 the adopted tax rate for the current year to the rollback tax rate. See id. § 26.07(a).
B. Procedure Undertaken by Maverick County Commissioners' Court
Pursuant to calculations and recommendations made by the Maverick County tax assessor, the tax assessor published, in a newspaper of general circulation in Maverick County, the proposed effective rate and rollback rate and how each was calculated. Additionally, public hearings were held on August 25, 2016, and September 1, 2016, at which taxpayers were urged to attend and express their views and any concerns regarding the proposed tax rate. On September 12, 2016, the Maverick County Commissioners' Court approved a 2016 rollback tax rate of $0.586535 per $100.00 of property value and an effective tax rate of $0.542309 per $100.00 of property value. The Commissioners' Court adopted a tax rate for 2016 of $0.586535 per $100.00 of property value. See id. § 24.07(a). This resulted in a 2016 adopted tax rate equal to the 2016 rollback tax rate.
Shortly after the 2016 tax rates were established, the tax assessor discovered that $3 million in sales tax revenue was not included in calculating the 2016 rollback tax rate. Although the proper statutory formula was applied, the calculations were in error due to the tax assessors' failure to reduce the current debt rate by the total amount of the sales tax revenue. The tax assessor immediately notified Commissioners' Court. On September 29, 2016, the Commissioners' Court rescinded the 2016 adopted tax rate, but did not adopt a new tax rate. Maverick County was thus left without an adopted 2016 tax rate.
Understanding the importance of a taxing unit's ability to sufficiently budget to pay its debts and meet its maintenance and operation needs, the Legislature set forth an adopted rate for any taxing unit that failed to adopt a tax rate by the specified deadline. See TEX. TAX CODE ANN. § 26.05(c) (providing if no tax rate is adopted by a taxing unit before the required date, the adopted rate "is the lower of the effective tax rate calculated for that tax year or the tax rate adopted by the taxing unit for the preceding tax year."). Because Maverick County failed to timely adopt a tax rate, and Maverick County's 2016 effective tax rate was lower than the 2015 adopted tax rate, Maverick County's 2016 effective tax rate became the 2016 adopted tax rate. See id. As previously noted, the 2016 effective tax rate was $0.542309 per $100.00 of property value.
On October 3, 2016, the Maverick County Commissioners' Court ratified the 2016 adopted tax rate of $0.542309 per $100.00 of property value. The 2016 rollback tax rate, adopted by the Commissioners' Court on September 12, 2016, remained unchanged, despite the discovery of the erroneous calculations.
C. Proceedings before the Trial Court
On December 22, 2016, Felan filed her petition seeking an election to roll back the tax rate. On February 21, 2017, Felan also filed a petition for writ of mandamus and injunction seeking to compel Maverick County officials to properly calculate the 2016 rollback tax and hold the requested roll back election.
Appellants filed a plea to the jurisdiction and motion for summary judgment asserting that Felan's failure to timely file an injunction pursuant to section 26.04(g) of the Texas Tax Code deprived the court of jurisdiction to consider her claims. Felan filed a competing motion for summary judgment. The trial court denied Appellants' plea to the jurisdiction and summary judgment and granted summary judgment in favor of Felan.
On appeal, Appellants raise three issues:
*233 (1) Because the statute required the petition be filed prior to the Commissioners' Court's adoption of the tax rate, the trial court was without jurisdiction to hear the request for an injunction;
(2) Felan's delay in seeking relief prevented the roll back election from being held pursuant to Tax Code section 26.07 ; and
(3) Felan failed to meet her evidentiary burden to prove the validity of her roll back petition after the Commissioners' Court found the petition invalid.
We first address Appellants' plea to the jurisdiction.
PLEA TO THE JURISDICTION
A. Standard of Review
"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." Harris Cty. v. Sykes , 136 S.W.3d 635, 638 (Tex. 2004) ; Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 225-26 (Tex. 2004) ; Tex. Nat. Res. Conservation Comm'n v. IT-Davy , 74 S.W.3d 849, 855 (Tex. 2002). The purpose of a plea to the jurisdiction is "to defeat a cause of action without regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 554 (Tex. 2000). Because the existence of subject matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. Hous.Belt & Terminal Ry. Co. v. City of Hous. , 487 S.W.3d 154, 160 (Tex. 2016) ; State v. Holland , 221 S.W.3d 639, 642 (Tex. 2007).
Taxpayers generally "do not have a right to bring suit to contest government decision-making ... [u]nless standing is conferred by statute" or the taxpayers can show "they have suffered a particularized injury distinct from that suffered by the general public." See Blue , 34 S.W.3d at 555-56 ; accord Hairgrove v. City of Pasadena , 80 S.W.3d 703, 706 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). Because a taxpayer lawsuit is a statutory cause of action, "we must strictly construe the statute and all the elements of the cause of action." Hairgrove , 80 S.W.3d at 706 (citing Ex Parte Casey , 944 S.W.2d 18, 21 (Tex. App.-Houston [14th Dist.] 1997, no writ) ).
B. Arguments of the Parties
Appellants contend Texas Tax Code section 26.04 was Felan's sole avenue of relief. See TEX. TAX CODE ANN. § 26.04(g). Section 26.04 authorizes a taxpayer to seek an injunction to prohibit a taxing unit from adopting a tax rate if the tax assessor has failed to properly compute the rollback rate and effective tax rate and such failure was in bad faith. See id. Because Felan failed to seek an injunction under section 26.04, prior to the Commissioners' Court's adoption of the 2016 tax rate, Appellants argue the trial court was without jurisdiction to consider Felan's claims. See id.
Felan counters that section 26.04 is not applicable to this case because she is not seeking to prevent Maverick County or any official from adopting the 2016 tax rate. Instead, Felan asserts that she is seeking a roll back election under section 26.07, which provides a remedy any time a taxing unit's adopted tax rate exceeds the taxing unit's rollback tax rate as calculated by the statutory formula. See id. § 26.07. In her pleadings, Felan requested that the trial court recalculate the 2016 rollback tax rate in accordance with the statutory formula, using the corrected numbers provided by the tax assessor. Felan contends that because the recalculated 2016 rollback tax rate was lower than the adopted tax rate, section 26.07 authorized her petition, *234 thereby invoking the trial court's jurisdiction.
C. Actual Remedy Sought by Appellee Felan
1. Felan's Claim under Texas Tax Code Section 26.07
Felan contends her claims are rooted in section 26.07 of the Tax Code. See id. Under certain circumstances, section 26.07 of the Texas Tax Code provides taxpayers the right to force an election to reduce the tax rate adopted by a taxing unit. See id. Section 26.07 provides, in pertinent part, as follows:
(a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rollback tax rate calculated as provided by this chapter, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate calculated as provided by this chapter.
(b) A petition is valid only if:
(1) it states that it is intended to require an election in the taxing unit on the question of reducing the tax rate for the current year;
(2) it is signed by a number of registered voters of the taxing unit equal to at least:
(A) seven percent of the number of registered voters of the taxing unit according to the most recent list of registered voters if the tax rate adopted for the current tax year would impose taxes for maintenance and operations in an amount of at least $5 million;
Id. Therefore, because section 26.07 only authorized Felan's petition if the Maverick County Commissioners' Court adopted a tax rate that exceeded the rollback tax rate, we must first determine whether Maverick County's 2016 adopted tax rate exceeded the 2016 rollback tax rate.
2. 2016 Rollback Tax Rate vs. 2016 Adopted Tax Rate
Both parties agree the 2016 rollback tax rate, adopted by the Commissioners' Court on September 12, 2016, was incorrectly calculated. They disagree, however, on the manner in which this erroneous calculation can be challenged.
a. Parties' Arguments Regarding Proper Calculations of Rollback Tax Rate
Felan argues that because the Maverick County officials failed to properly compute the rollback tax rate by including the omitted sales tax revenue, and Chapter 26 specifies the method of calculation, determining the proper rollback tax rate simply requires a mathematical recalculation. See id. § 26.041. Additionally, because all of the numbers used in the formula are numbers provided by the Maverick County tax assessor, there is no need for Maverick County Commissioners' Court to adopt or approve a new rollback tax rate to establish that the properly calculated rollback tax rate exceeds the adopted tax rate. See id. § 26.07(a).
Appellants counter that the Tax Code governs the calculation of the rollback tax rate and specifically sets forth the exclusive remedy for a taxpayer to enjoin a taxing unit from adopting an improperly calculated tax rate. Appellants contend that Felan's failure to exercise the statutory remedy, set forth in section 26.04(g), left the trial court without jurisdiction to consider her claims.
b. Texas Tax Code Section 26.04(g)
Chapter 26 not only provides the formula for calculating the rollback tax rate, see id. § 26.04(c), 26.041, it also provides *235 the remedy when the taxing unit has not complied with the computation.
A person who owns taxable property is entitled to an injunction prohibiting the taxing unit in which the property is taxable from adopting a tax rate if the assessor or designated officer or employee of the unit, as applicable, has not complied with the computation or publication requirements of this section and the failure to comply was not in good faith.
Id. § 26.04(g). This statutory remedy allows a taxpayer, under certain circumstances, to file suit against the taxing unit to prevent the adoption of a tax rate. Id. Because the statute specifically provides a means for the taxpayer to address the miscalculation of the rollback tax rate, we hold section 26.04(g) is the sole remedy for any taxpayer challenges to the calculations of the rollback tax rate under chapter 26 of the Texas Tax Code.
3. Analysis
Felan acknowledges she knew about the miscalculation of the 2016 rollback tax rate in early September. In two different sections of her deposition, Felan testified that she knew about the $3 million omission before the Maverick County Commissioners' Court adopted the tax rate. Felan acknowledged that, prior to the Commissioners' Court adopting the tax rate, the tax calculating worksheets were in her possession and she knew they contained a mistake. Felan further testified that she knew a temporary injunction would "stop everything ... so [the Commissioners could] review" any alleged mistakes prior to their adoption of the tax rate.
Maverick County Attorney: So you knew that you had the avenue to get a temporary injunction; is that correct?
Felan: Yes.
Maverick County Attorney: But you didn't do that, did you?
Felan: No.
By September 11, 2016, Felan was collecting signatures on her petition, but she did not file a suit, seek an injunction to correct the miscalculation, or take steps to stop: the Commissioners' Court from adopting the tax rate; the tax assessor from sending tax notices to the taxpayers between October 7, 2016 and October 16, 2016; or Maverick County from collecting property taxes for over two months. Instead, on December 22, 2016, almost three months after Felan discovered the miscalculation, Felan filed her petition. Felan did not seek an injunction until February 21, 2017, four months after the Commissioners' Court ratified the 2016 adopted tax rate.
As the Texas Supreme Court explained in Bland Independent School District v. Blue , Maverick County and its officers are protected against a suit to contest their "government decision-making ... [u]nless standing is conferred by statute." 34 S.W.3d at 555. The only statute that affords standing to challenge the miscalculation of the rollback tax rate, is section 26.04(g). See TEX. TAX CODE ANN. § 26.04(g) ; see also Gomez v. Pasadena Health Care Mgmt., Inc. , 246 S.W.3d 306, 316 (Tex. App.-Houston [14th Dist.] 2008, no pet.) (quoting Dubai Petroleum Co. v. Kazi , 12 S.W.3d 71, 76 (Tex. 2000) ) ("[T]he general rule is that when a cause of action and a remedy for its enforcement are derived from a statute rather than the common law, the statutory provisions are 'mandatory and exclusive, and must be complied with in all respects or the action is not maintainable.' "). Because standing to bring suit against Maverick County and its officers is a statutory cause of action, this court strictly construes the language *236 contained within the statute. See Hairgrove , 80 S.W.3d at 706.
In the instant case, Felan's complaint rests on the miscalculation of the rollback tax rate. Absent a recalculation of the rollback tax rate, Felan could not allege or establish the 2016 adopted tax rate exceeded the 2016 rollback tax rate. As a result, Felan's only cause of action against Maverick County and its officers is provided by section 24.06(g), and her exclusive remedy was the ability to seek an injunction prohibiting Maverick County from adopting the tax rate. See TEX. TAX CODE ANN. § 24.06(g) (emphasis added). Standing under section 24.06(g), however, requires the taxpayer to file the injunction prior to adoption of the tax rate. See id. By her own admission, prior to the County's adoption of the tax rate, Felan knew about the miscalculation and that the temporary injunction was the proper avenue in which to challenge the miscalculation, but she chose not to act. Because Felan failed to comply with section 24.06(g), which was her exclusive remedy for challenging Maverick County's miscalculation of the rollback tax rate, the trial court was without jurisdiction to hear her claims.
Accordingly, we reverse the trial court's order and dismiss Felan's underlying lawsuit for want of jurisdiction.

Appellants include Maverick County, David Saucedo, in his Official Capacity as Maverick County Judge, Teodoro Roy Schmerber, in his Official Capacity as Maverick County Elections 2 Administrator, Jerry Morales, in his Official Capacity as Maverick County Commissioner, Pct. 1, Rosy Cantu, in her Official Capacity as County Commissioner Pct. 2, Pete Venegas, in his Official Capacity as Commissioner Pct. 3, and Roberto Ruiz, in his Official Capacity as Commissioner Pct. 4.